# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 442 | **DATE** | 4/13/2011 |
| **CASE TITLE** | Washington vs. Amatore, et al. | | |

**DOCKET ENTRY TEXT**

Motion by defendants City of Chicago, Chris Amatore for summary judgment [33] is granted in part and denied in part. Jury trial set for 7/18/11 at 9:30 a.m. Pretrial order will be due by 5/27/11; and response to any motions in limine by 6/10/11. Pretrial conference set for 6/17/11 at 1:30 p.m. Status hearing set for 4/22/11 is now vacated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    On the morning of Tuesday, January 21, 2009, a collision occurred between vehicles driven by plaintiff Maurice Washington ("Washington") and then-Chicago Police Officer Chris Amatore ("Amatore"). Amatore claims that when he entered Washington's car after the accident to see whether he was hurt, he saw a bag of marijuana on Washington's lap. Washington denies being in possession of the marijuana and claims that it was planted either by Amatore, or by a sergeant who arrived on the scene shortly after the collision. Washington was placed under arrest and transported from the scene by the sergeant. He was charged with possession of cannabis and ticketed for driving without insurance. The charges were later dropped when Amatore, who had since left the Chicago Police Department, failed to attend court proceedings in the case. This suit followed. In addition to Amatore, the City of Chicago is named as a defendant. Originally, the sergeant was named as a defendant. Because he was never served, however, he is not a party to the suit.

    Count I of Washington's complaint asserts a claim for false arrest under 42 U.S.C. § 1983. In order to prevail on this claim, Washington must show that probable cause for his arrest was lacking. *See, e.g., Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). Defendants claim that the marijuana Amatore found in Washington's possession supplied probable cause to arrest him. This argument will not do because, as noted above, Washington denies being in possession of the marijuana. Defendants also argue that there was probable cause to arrest Washington by virtue of his negligent driving, which, they claim, caused the collision with Amatore. Here too, however, the facts are disputed. Washington claims that the

collision occurred when the vehicle ahead of him stopped suddenly in order to allow Amatore to make a turn. According to Washington, the driver's sudden stop required him to swerve to avoid contact, which in turn caused him to collide with Amatore's vehicle. In short, Washington has raised a triable issue of fact as to whether there was probable cause to arrest him. Accordingly, defendants' motion for summary judgment is denied as to Count I.

For the same reason, defendants' motion for summary judgment is also denied with respect to Washington's claim for malicious prosecution, asserted in Count II of his complaint. As with a claim for false arrest, a plaintiff can prevail on a claim for malicious prosecution only by showing, inter alia, that the officers lacked probable cause to arrest him. Defendants' sole argument for summary judgment as to Count II is that there was probable cause to arrest Washington. Since Washington has raised a triable issue of fact on this point, this argument fails.

In Count III, Washington brings a § 1983 claim based on Amatore's alleged failure to provide him with medical attention. The components of a § 1983 claim for failure to provide medical care are: (1) a serious medical injury; and (2) the defendant's knowledge of the harm and conscious refusal to prevent it. *See, e.g.*, *Regalado v. City of Chicago*, 40 F. Supp. 2d 1009, 1015 (N.D. Ill. 1999). According to Washington, he suffered a dislocated and fractured right thumb as a result of the accident. He further alleges that, "[d]espite his awareness of the condition of the Plaintiff, the Defendant left the Plaintiff leaning on the hood of the squad car . . . and made no effort to call for an ambulance or otherwise ensure medical attention." Resp. at 9.

This claim, and the argument Washington marshals in support of it, are poorly developed. Washington cites no evidence to suggest that Amatore was aware of Washington's injury. There is some evidence that Washington informed the sergeant of his injury when he was being transported to the police station. But Washington does not cite this evidence in his Local Rule 56.1 Statement, and in defending the claim in his response brief, Washington only mentions Amatore. Accordingly, defendants are entitled to summary judgment as to Count III.

In Count IV, Washington asserts a § 1983 claim for conspiracy. "To establish a prima facie case of civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive the plaintiff of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Thurman v. Village of Hazel Crest*, 570 F. Supp. 2d 1019, 1029 (N.D. Ill. 2008). To prove a conspiracy to deprive him of his constitutional rights, the plaintiff must show that the parties "directed themselves toward an unconstitutional action by virtue of a mutual understanding," and that they had a "meeting of the minds." *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). Washington has failed to cite any evidence indicating that Amatore had any agreement with anyone to violate his rights. According to Washington, the sergeant arrived at the scene roughly five minutes after the accident, spoke with Amatore, and then placed Washington in handcuffs.

**STATEMENT**

This simply does not constitute evidence of an agreement to violate Washington's rights. Defendants are granted summary judgment with respect to Count IV.

Count V of Washington's complaint asserts a claim for intentional infliction of emotional distress ("IIED"). "To state a cause of action for intentional infliction of emotional distress, plaintiffs must allege that (1) the conduct was truly extreme and outrageous; (2) the actor either intended that his conduct inflict severe emotional distress, or knew that there was a high probability that the conduct would cause severe emotional distress; and (3) the conduct, in fact, caused severe emotional distress." *Reilly ex rel. Reilly v. Wyeth*, 876 N.E.2d 740, 755 (Ill. App. Ct. 2007). The nature of a defendant's conduct must be "so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id*. Defendants contend that there is no evidence that Amatore's actions were "extreme and outrageous." I disagree. If Amatore planted a bag of marijuana in Washington's car, his conduct could properly be deemed "extreme and outrageous." *Cf. Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 307 (5th Cir. 1989) (causing innocent plaintiff to be subject to an accusation of crime and putting her in fear passes the bounds of conduct that will be tolerated by a civilized society). The defendants also contend that Washington's claim is purely speculative, pointing to an apparent uncertainty in Washington's testimony as to when he became aware that marijuana had been found in his vehicle and as to which of the two officers might have planted it. This does not show that Washington's claim is speculative. If Washington's testimony is to be believed that he was not in possession of the marijuana at the time of the accident, it is difficult to explain where it might have come from. One reasonable inference (if not the only one) is that one of the officers planted it. Because Washington's IIED claim turns on a triable issue of fact, defendants' motion for summary judgment as to Count V is denied.

For the foregoing reasons, defendants' motion for summary judgment is granted in part and denied in part.